IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR-09-52-BLG-DWM-CSO-1 |
|---|---|
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE SUPERVISED RELEASE** |
| RODNEY GEORGE PLENTY HAWK, JR, | |
| Defendant. | |

## I.  Synopsis of Recommendation

A petition alleged that Defendant Rodney George Plenty Hawk,

Jr., ("Plenty Hawk") violated his conditions of supervised release by

failing to follow the instructions of his probation officer, failing to

participate in substance abuse treatment, failing to participate in

substance abuse testing, failing to notify his probation officer of a

change in address, and failing to notify his probation officer of contact

with law enforcement.  He admitted all alleged violations, except the

allegation that he had failed to follow instructions to register as a violent offender. Plenty Hawk's supervised release should be revoked, and he should be sentenced to 24 months imprisonment with no term of supervised release to follow.

## II. Status

On October 16, 2009, Plenty Hawk pled guilty to one count of Felon in Possession of a Firearm. *ECF 16.* The offense involved Plenty Hawk, a convicted felon, possessing a .380 caliber pistol. *ECF 1, 13.* On January 14, 2010, the Court sentenced Plenty Hawk to 36 months incarceration, with 3 years of supervised release to follow. *ECF 20.* Plenty Hawk began his supervised release on January 6, 2012. *ECF 23.*

On May 7, 2012, the United States Probation Office prepared a Petition for Warrant or Summons for Offender Under Supervision alleging nine violations of supervised release. *ECF 23.* Based on the petition, Judge Richard F. Cebull issued a warrant for Plenty Hawk's arrest, and on June 28, 2012, Plenty Hawk appeared before Judge Cebull for a hearing on whether his supervised release should be

revoked.  *ECF 30.*  Plenty Hawk admitted to eight violations, and

Judge Cebull revoked Plenty Hawk's supervised release.  The Court

sentenced Plenty Hawk to 11 months incarceration with 25 months

supervised release.  *ECF 31.*  Plenty Hawk began this second term of

supervised release on May 7, 2013.  *ECF 34.*

## Petition

On June 19, 2013, the United States Probation Office filed

another Petition for Warrant or Summons for Offender Under

Supervision requesting that a warrant be issued for Plenty Hawk to

appear to answer allegations that he violated conditions of his

supervised release.  *ECF 34.*  The petition alleged the following

violations:  (1) Standard Condition Number 3 –  by failing to follow his

probation officers instructions as to his residence, and as to registration

as a violent offender; (2) Special Condition Number 2 –  by failing to

participate in substance abuse treatment; (3) Special Condition

Number 3 –  by failing to participate in substance abuse testing; (4)

Standard Condition Number 6 –  by failing to notify his probation

officer of his change in residence; and (5) Standard Condition Number

11 — by failing to notify his probation officer of contact with law enforcement. *Id.*

Based on the petition, the undersigned issued a warrant for Plenty Hawk's arrest. *ECF 37.* The case was reassigned to the Hon. Donald W. Molloy, U.S. District Judge, and referred to the undersigned for Findings and Recommendations. *See Standing Order No. DLC-6, superseded by Standing Order No. DLC-7.*

## Initial Appearance

Plenty Hawk was arrested on July 15, 2013. He made an initial appearance before the undersigned on July 18, 2013, in Billings, Montana. *ECF 37.*

## Revocation Hearing

On July 22, 2013, Plenty Hawk appeared before the undersigned for a hearing on whether his supervised release should be revoked. David Merchant, Federal Defenders of Montana, represented Plenty Hawk. Assistant U.S. Attorney Lori Suek represented the United States. The undersigned explained the Findings and Recommendations procedure to Plenty Hawk, including his right to appear and allocute

before Judge Molloy and the necessity of properly objecting to the Findings and Recommendations in order to preserve that right. In addition, Plenty Hawk, his counsel, and the Assistant U.S. Attorney executed an Acknowledgment of Rights and Consent, again acknowledging his understanding of the Findings and Recommendations procedure and consenting thereto.

Plenty Hawk admitted each of the alleged violations, except the allegation regarding failure to register as a violent offender. The undersigned accepted these admissions, determined that his supervised release should be revoked or modified, and proceeded to consider sentencing recommendations. The undersigned calculated that Plenty Hawk's violation grade is C, his criminal history category is III, and the underlying offense is a class C felony. Under those circumstances, the maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 5 to 11 months incarceration. Plenty Hawk could be sentenced to as much as 36 months supervised release, less any incarceration time imposed. Ms. Suek and Mr. Merchant agreed with those calculations.

Ms. Suek initially requested a sentence of 11 months incarceration, with 14 months supervised release to follow. Ms. Suek argued that because this is Plenty Hawk's second revocation, a sentence on the high end of the guideline range is appropriate.

Mr. Merchant requested a sentence of 12 months and one day incarceration, with no supervised release to follow. Mr. Merchant explained that Plenty Hawk's status with the Bureau of Prisons ("BOP") changes if he were to be sentenced to a term longer than one year; in that case, Plenty Hawk would potentially be eligible to serve time in a half way house, at the discretion of BOP.

Mr. Merchant also argued that Plenty Hawk understands the nature of his violations, and acknowledged that it is impossible to supervise an individual who refuses to cooperate or remain in contact with his probation officer. For these reasons, Mr. Merchant argued that Plenty Hawk would not likely be successful on supervised release, especially if living on the reservation.

When given the opportunity to address the Court, Plenty Hawk stated that he had nothing to say. Upon further inquiry by the Court,

Plenty Hawk offered only that he agreed with his attorney's recommendation.

In response, Ms. Suek stated that if the Court were to consider a sentence with no term of supervised release, the United States would change its recommendation to a term of 24 months incarceration. Ms. Suek argued that Plenty Hawk is a danger to the community and has demonstrated that he has no respect for the law.

## III. Analysis

Based on Plenty Hawk's admitted multiple violations of his conditions of supervised release, his supervised release should be revoked. The violations are troubling not only because they are breaches of the Court's trust, but also because they demonstrate a complete refusal to follow instructions of his probation officer – or even to remain in contact with his supervising officer. Plenty Hawk, after his initial meeting with probation upon release from prison, absconded.

Plenty Hawk should be sentenced to 24 months incarceration, with no term of supervised release to follow. This departure from the Chapter 7 Policy guideline range is authorized by 18 U.S.C. § 3583(e)(3)

which states that the Court may revoke a term of supervised release and require a defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release. This may be done after considering various factors, including the "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Here, Plenty Hawk has history of violence, substance abuse, and related criminal conduct. This conduct can easily be tracked through Plenty Hawk's prior revocation proceeding, along with his criminal history sheet.

The Court may also consider the need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). Plenty Hawk has exhibited a very clear pattern of dangerous criminal conduct, placing the community in danger. Despite being a violent offender, he chooses not to reside in locations that he reports. He has shown no willingness to follow supervision terms or cooperate with his supervising officer. He has shown the ability and the desire to commit crimes against the public. Based on his recurring behavior, the Court

concludes that there is a significant risk that he will commit further crimes.

Finally, based on the number and nature of Plenty Hawk's admitted violations of his conditions of supervised release, the Court sees little value in a sentence that involves another term of supervised release. For the protection of the community, it is therefore appropriate for Plenty Hawk to be incarcerated for the maximum allowable period under the applicable statutory provisions.

## IV. Conclusion

The undersigned advised Plenty Hawk that the above sentence would be recommended to Judge Molloy, and reminded him that he has the right to appear and allocute before Judge Molloy. The undersigned instructed Plenty Hawk that he may object to these Findings and Recommendations within 14 days of their issuance, and must do so if he wishes to preserve his right to allocute before Judge Molloy.

The Court makes the following **FINDINGS:**

1. Plenty Hawk violated Standard Condition Number 3 by failing to truthfully inform his probation officer of his residence.

2.  Plenty Hawk violated Special Condition Number 2 by failing to participate in substance abuse treatment.

3.  Plenty Hawk violated Special Condition Number 3 by failing to participate in substance abuse testing.

4.  Plenty Hawk violated Standard Condition Number 6 by failing to notify his probation officer of his change in residence.

5.  Plenty Hawk violated Standard Condition Number 11 by failing to notify his probation officer of contact with law enforcement.

The Court makes the following **RECOMMENDATION:**

1.  The District Court should revoke Plenty Hawk's supervised release and commit Plenty Hawk to the custody of the United States Bureau of Prisons for a term of imprisonment of 24 months, with no term of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The

district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 23rd day of July, 2013.

 /s/ Carolyn S. Ostby
United States Magistrate Judge